[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14120
Non-Argument Calendar
_____

D. C. Docket No. 99-00061-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANEX LOUBEN,
a.k.a. Rashad Lewis,
a.k.a. Max,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 16, 2006)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

On January 12, 2001, the district court sentenced appellant (following a plea of guilty) to a prison for a term of 242 months for conspiring to possess with intent to distribute cocaine and crack base. On January 16, 2002, the Government moved the district court pursuant to Fed. R. Crim. P. 35(b)(2) to reduce appellant's sentence based on appellant's "substantial assistance." On January 27, 2003, the court, after hearing from the parties, granted the motion and reduced appellant's prison sentence to a term of 150 months.

On June 8, 2005, the Government again moved the court pursuant to Rule 3(b)(2) to reduce appellant's sentence. The court granted the motion on June 13, 2005, reducing appellant's sentence to 144 months. "Taking into account all of the factors identified in 18 U.S.C. § 3553(a)," the court concluded that "the new sentence of 144 months was the appropriate sentence."

On June 24, 2005, appellant moved the court to reconsider its June 13 ruling, contending among other things that his assistance to the Government warranted a reduction of more than six months and that, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the court was free to disregard the Sentencing Guidelines and to consider the totality of the circumstances.[1] The court construed appellant's motion as seeking a further reduction of his sentence (as well as

---

[1] As stated in the concluding paragraph of his motion, appellant moved the court to reduce his sentence "pursuant to" U.S.S.G. §§ 5K1.1 and 5K3.1 and 18 U.S.C. § 3553(a).

reconsideration of its previous decision). After considering the sentencing objectives of 18 U.S.C. § 3553(a) and appellant's arguments, the court concluded that a sentence of 144 months imprisonment was appropriate and, on July 7, 2005, entered an order denying appellant's motion for reconsideration. Appellant now appeals that order.

We review the denial of a motion to reconsider for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004), cert. denied (U.S. Apr. 18, 2005) (No. 04-9059). Our examination of the district court's order of July 7, 2005 in light of the relevant record convinces us that the court acted well within its discretion in denying the motion for reconsideration. The court carefully considered and properly rejected every argument appellant presented in support of his motion.

**AFFIRMED.**